UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY BAILEY,

     Plaintiff,

v.

JULIE WILLIAMS, et al.,

     Defendants.

Case No. 2:24-cv-01922-APG-NJK

**Order**

[Docket Nos. 23, 24]

Pending before the Court are Tyrell Salazar and Maurice Talley's respective motions for joinder.[1]  Docket Nos. 23, 24.  Defendants filed a response in opposition to each motion.  Docket Nos. 27, 28.

**I.**    **BACKGROUND**

This is a *pro se* prisoner civil rights action brought by Plaintiff Anthony Bailey, asserting claims pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff's application to proceed *in forma pauperis* on November 5, 2025.  Docket No. 18.  Plaintiff alleges violations of the Eighth Amendment against multiple defendants for events that took place during his incarceration at High Desert State Prison (HDSP).  *See* Docket No. 3.  The Court screened Plaintiff's complaint and allowed three claims to proceed: (1) Plaintiff's condition of confinement claim based on the ventilation system at HDSP against Defendants Bean, Williams, and John Doe A.W.O.; (2) Plaintiff's condition of confinement claim based on contaminated water at HDSP against Defendants Bean, Williams, and John Doe A.W.O.; and (3) Plaintiff's claim of deliberate indifference to a serious medical need against Defendants Gutierrez, Peret, Carrillo, and Minov.  *See id.* at 12.  Through the instant motions, Salazar and Talley seek to join this action as plaintiffs.  Docket Nos. 23, 24.  Defendants contend that joinder is improper as to both Salazar and Talley

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

because their allegations do not involve the same transactions or occurrences as Plaintiff's. *See* Docket Nos. 27, 28.

## II.   STANDARDS

Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder.[2] Rule 20(a)(1) provides that persons may join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "The same transaction requirement of Rule 20 refers to similarity in the factual background of a claim; claims that arise out of a systematic pattern of events and have a very definite logical relationship." *Adkins v. Ditomoas*, 2025 WL 1779109, at *2 (E.D. Cal. June 27, 2025), *report and recommendation adopted sub nom. Adkins v. DiTomas*, 2025 WL 2616792 (E.D. Cal. Sept. 10, 2025) (quoting *Hubbard v. Hougland*, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010)) (citation modified). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." *Johnson v. Shaffer*, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013).

Even when the requirements for permissive joinder are met, district court have discretion to refuse joinder "in the interests of interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Seely v. Baca*, 2016 WL 829915, at *1 (D. Nev. Mar. 1, 2016) (citing *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-22 (5th Cir. 2010); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). "A district court has broad discretion with regard to joinder of claims under Rule 20." *Id.*

## III.   ANALYSIS

The technical requirements for joinder under Rule 20(a) are satisfied here. Salazar and Talley allege claims that arise out of the same transactions or occurrences and that involve common questions of laws or facts as Plaintiff's. *Compare* Docket Nos. 23 *and* 24 *with* Docket No. 3 at 6-

---

[2] Salazar and Talley cite to the incorrect standard for permissive joinder in their respective motions.

9 (the Court's screening order of Plaintiff's complaint).  Salazar and Talley's motions are nearly identical, with the exception that Salazar alleges he has been incarcerated at HDSP from August 2020 to present and Salazar alleges he has been incarcerated at HDSP from 2014 to present.[3]  *See* Docket Nos. 23 at 2, 24 at 2.  Both Salazar and Talley allege that they've been subjected to: (1) filthy and hazardous cell ventilation ducts; (2) inadequate and dangerously contaminated drinking water due to radiation from government activities in the surrounding area; and (3) desks with cut, jagged, and protruding edges.  *See id.*  Both allege that they suffer acute breathing problems while sleeping or engaging in minimal physical activity, causing them fatigue and lack of energy.  *See id.*  Further, Salazar and Talley allege that they suffer from painfully harsh coughs which awaken them from sleep nightly.  *See id.*  Additionally, they allege that HDSP has denied them even minimal medical treatment and that HDSP's maintenance staff has failed to prevent further harm by fixing these issues.  *See id.*

Defendants contend that Salazar and Talley's allegations differ from Plaintiff's in three ways.  *See* Docket Nos. 27, 28.  The Court will address each in turn.  First, Defendants submit that Salazar and Talley's allegations as to contaminated water in HDSP differ from Plaintiff's because Plaintiff alleges that the water in the facility made him infertile while Salazar and Talley did not.  *See* Docket Nos. 27 at 3, 28 at 3.  Defendants fail to cite any authority supporting their argument.  Although Salazar and Talley allege different harms resulting from the allegedly contaminated water at HDSP, these claims still arise out of the same occurrences and involve common questions of laws or facts because they involve allegedly contaminated water at the same prison facility.  *See Seely*, 2016 WL 829915, at *2 (D. Nev. Mar. 1, 2016) (holding that claims meet the technical requirements under Rule 20(a) even though the plaintiffs identify separate conditions suffered by each individual plaintiff).

Second, Defendants submit that Salazar and Talley's allegations as to the ventilation system fail to identify a resulting harm, and that the breathing and coughing harms they mention are specifically attributed to the contaminated water allegations.  *See* Docket Nos. 27 at 3, 28 at 3.

---

[3] Plaintiff alleges that he has been incarcerated at HDSP since 2015.  Docket No. 3 at 4.

Defendants, once again, fail to cite any authority supporting their argument that this is a sufficient basis to deny joinder under Rule 20(a).  Construing Salazar and Talley's motions liberally, it is possible that they attribute their breathing and coughing problems to both the allegedly contaminated water and the allegedly filthy ventilation system.  *See* Docket Nos. 23 at 2, 24 at 2. The allegations made as to the ventilation system also satisfy Rule 20(a) because they arise out of the same occurrences and involve common questions of law or fact as to the ventilation system at the same prison facility.

Third, Defendants submit that Salazar and Talley's claims as to water contamination are not the same occurrence or transaction as Plaintiff's claims because Talley and Salazar attribute contamination to "government activity" and Plaintiff attributes it to "nuclear testing."  Docket Nos. 27 at 3, 28 at 3.  Defendants, once again, fail to cite any authority for this argument.  Salazar and Talley's allegations as to water contamination at HDSP are sufficiently similar to Plaintiff's because they involve contaminated water at the same prison facility.  Further, Defendants contend that even if Salazar and Talley are referencing nuclear testing, "this allegation is facially implausible."  *Id.*  Chief United States District Judge Andrew P. Gordon screened Plaintiff's allegations regarding the water at HDSP and determined that Plaintiff's allegations were "sufficient to state a colorable claim at [the] preliminary screening stage."  Docket No. 3 at 8. Defendants fail to cite any authority supporting their argument that Salazar and Talley cannot join this action because their allegations are facially implausible, even though the Court previously screened Plaintiff's claim.

Therefore, the Court will permit joinder with the following conditions.  "First, each Plaintiff must sign each filing submitted because they are not permitted to engage in the unauthorized practice of law by signing on behalf of each other."  *Seely v. Baca*, 2016 WL 829915, at *3 (D. Nev. Mar. 1, 2016); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995).  "Second, Plaintiffs will not be given special treatment or accommodation to meet and confer in order to review and sign their papers for filing."  *Seely v. Baca*, 2016 WL 829915, at *3 (D. Nev. Mar. 1, 2016).  "Third, joinder does not affect each Plaintiff's *in forma pauperis* status or his obligation to pay his own filing fee through installment payments drawn from his inmate

4

trust account." *See id.*; *see also Johnson v. High Desert State Prison*, 127 F.4th 123, 132 (9th Cir. 2025) ("the PLRA requires each prisoner proceeding IFP in a multi-prisoner lawsuit to pay 'the full amount of a filing fee'").

While the Court will permit joinder for now, it cautions Plaintiffs that this is subject to reconsideration if circumstances should change. *See Seely v. Baca*, 2016 WL 829915, at *4 (D. Nev. Mar. 1, 2016). "[T]he court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** the motions for joinder. Docket Nos. 23, 24. The Court **ORDERS** Tyrell Salazar and Maurice Talley to <u>each</u> either pay the full $405 filing fee for this case or file an application to proceed *in forma pauperis* no later than March 6, 2026. The Clerk's Office is **INSTRUCTED** to send Salazar and Talley the approved form application to proceed *in forma pauperis* by an inmate in NDOC custody and instructions for the same. The Court **CAUTIONS** Salazar and Talley that if either of them fails to timely comply with this order they may be dismissed without prejudice.

IT IS SO ORDERED.

Dated: February 20, 2026

_____
Nancy J. Koppe
United States Magistrate Judge