**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY BAILEY, et al.,<br>Plaintiffs<br>v.<br>JULIE WILLIAMS, et al.,<br>Defendants | Case No.: 2:24-cv-01922-APG-NJK<br>**Order (1) Denying Motions for Joinder and (2) Granting Objection to Joinders**<br>[ECF Nos. 48, 49, 54] |

Proposed plaintiffs Niko Latai-Finnison-Stewart and Alonzo James Brown move to join this lawsuit. The defendants oppose, and plaintiff Anthony Bailey objects to the joinders.

Federal Rule of Civil Procedure 20(a) permits plaintiffs to join in a single lawsuit if: "(1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Johnson v. High Desert State Prison*, 127 F.4th 123, 134 (9th Cir. 2025). But "even if these threshold requirements are met, district courts must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Id.* (simplified). "This is because Rule 20 . . . is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Id.* (quotation omitted). Thus, it is "within the district court's inherent power to deny joinder if it would undermine the orderly and expeditious disposition of the case." *Id.* (quotation omitted).

I deny the motions to join and grant Bailey's objection to joinder because Stewart and Brown's claims are not related to the claims in the complaint in this case. The claims in this case arise out of allegations surrounding the conditions of confinement at High Desert State Prison (HDSP) related to HDSP's ventilation system, water contamination at HDSP, and deliberate

indifference to medical needs arising from the allegedly poor ventilation, contaminated water, and/or receiving improper medication. ECF No. 3 at 9, 12. Plaintiffs Tyrell Salazar and Maurice Talley were permitted to join because they alleged that they were subjected to hazardous ventilation ducts and contaminated water resulting in them developing coughs that HDSP has refused to treat. ECF No. 29.

In contrast, Stewart asserts that (1) he is housed in cells at HDSP that do not have functioning emergency buttons, which jeopardizes his health because he has epilepsy, and (2) he is not being given medication and an MRI. ECF No. 48 at 6-7. Those allegations are unrelated to the ventilation and water issues raised in Bailey's complaint. If Stewart seeks to pursue those claims, he must do so through a separate lawsuit.

Likewise, Brown alleges that he was injured by a jagged edge on a desk in his cell. ECF No. 49 at 2. That claim is unrelated to the allegations in the complaint in this case, so Stewart must pursue his claim in a separate lawsuit.

I take this opportunity to clarify that plaintiffs Salazar and Talley do not have a claim related to the jagged edges on desks in this case. *See* ECF Nos. 23, 24 (joinders referring to bunks and desks that have jagged edges). There is no claim in the complaint about jagged edges on desks or bunks posing a hazard. Salazar and Talley joined this case, which is about ventilation, water, and medical conditions arising out of the alleged ventilation and water hazards. If Salazar, Talley, and Brown want to pursue claims about hazards posed by jagged edges on desks and bunks, they must file separate a case (or cases) under separate case numbers, as those claims are not a part of this case.

/ / / /

/ / / /

I THEREFORE ORDER that the motions for joinder **(ECF Nos. 48, 49) are DENIED**. The clerk of court is instructed to terminate Niko Latai-Finnisson-Stewart and Alonzo James Brown as plaintiffs in this case.

I FURTHER ORDER that plaintiff Anthony Bailey's motion objecting to the joinders **(ECF No. 54) is GRANTED**.

DATED this 15th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE